UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

GLICENIA C. LOGAN                                                                                     PLAINTIFF

v.                                              No. 2:20-CV-02142

MR. KELVIN L PARKS, et al.                                                                  DEFENDANTS

## OPINION AND ORDER

Plaintiff Glicenia C. Logan filed a pro se complaint. (Doc. 1). She named numerous Defendants. Many of those Defendants have filed motions (Docs. 6, 8, 11, 14, 16, 20) to dismiss. These motions raise various grounds for dismissal—lack of subject matter jurisdiction, lack of personal jurisdiction, insufficient process, insufficient service of process, and failure to state a claim upon which relief can be granted. The Court need not reach each of these issues because the complaint fails to state a claim upon which relief can be granted and must be dismissed.

Federal Rule of Civil Procedure 8 requires a complaint to include factual allegations that, accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). This Rule "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. Its purpose is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Though pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (citation omitted).

Plaintiff's complaint cites numerous statutes and legal principles, but fails to allege facts that give any Defendant fair notice of the grounds for any of her claims. None of her allegations gives rise even to a reasonable inference that a defendant acted, or did not act, in a way that caused

the injuries she claims.

Plaintiff is aware from other cases in this Court that have been dismissed for the same reason that she must meet this pleading standard and allege some factual basis for her claims. She is reminded that "[a] pro se litigant is bound by the litigation rules as is a lawyer." *Lindstedt v. City of Granby*, 238 F.3d 933, 937 (8th Cir. 2000). Federal Rule of Civil Procedure 11 binds her just as it binds attorneys.

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

Fed. R. Civ. P. 11(b). Because she knows a complaint must include factual allegations giving rise to a claim for relief, Plaintiff should be aware that filing a complaint without factual allegations unnecessarily delays and increases the cost of litigation. Plaintiff is therefore put on notice that failing to make any factual allegations in a future complaint may result in the perfunctory dismissal of that complaint as a Rule 11(c) sanction.

IT IS THEREFORE ORDERED that the pending motions to dismiss (Docs. 6, 8, 11, 14, 16, and 20) are GRANTED and this case is DISMISSED WITH PREJUDICE. Judgment will be entered accordingly.

IT IS SO ORDERED this 8th day of October, 2020.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE